IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BERTHA ESMERELDA GARCIA**<br><br>*Plaintiff,*<br><br>v.<br><br>**NATIONWIDE INSURANCE COMPANY, VICTORY AGENCY, INC., MARTINA LACAYO,** *Individually as Nationwide Office Manager,* **and ADRIANA SANCHEZ,** *Individually as National Commercial Account Manager,* **and ASSURANT d/b/a American Bankers Insurance Company of Florida,**<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § **CIVIL ACTION: 4:19-cv-4209** |

## NOTICE OF REMOVAL

Pursuant to 42 U.S.C. § 4072, 28 U.S.C. § 1331, 28 U.S.C. § 1441 and 28 U.S.C. 1446, Defendant American Bankers Insurance Company of Florida, Inc., improperly sued as "Assurant d/b/a American Bankers Insurance Company of Florida" ("American Bankers"), appearing in its fiduciary[1] capacity as the fiscal agent[2] of the United States and at the expense of the United States Treasury,[3] by and through its undersigned counsel, hereby removes to this Court the state court action described below:

### I. BACKGROUND

1.   Plaintiff, Bertha Esmerelda Garcia, filed an action in the District Court of Harris County, Texas, on August 28, 2019, captioned *Bertha Esmerelda Garcia v. Nationwide Insurance Company, Victory Agency, Inc., Martina Lacayo, Individually as Nationwide Office*

---

[1] *See* 44 C.F.R. § 62.23(f).

[2] *See* 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998).

[3] *See* 42 U.S.C. § 4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161 (3d Cir. 1998).

*Manager, and Adriana Sanchez, Individually as National Commercial Account Manager, and Assurant d/b/a American Bankers Insurance Company of Florida*, Case No. 2019-61202, In the 61st Judicial District Court of Harris County, Texas ("State Court Action").

2. Plaintiff's claims, as alleged in her Original Petition ("Complaint"), concern alleged Hurricane Harvey-related flood damage to a piece of real property in Houston and Plaintiff's alleged attempt to make a flood insurance claim for that alleged flood damage. (*See* Complaint, attached as part of Ex. A, which is the entire record in the State Court Action as of the date of filing of this Notice of Removal. American Bankers has also attached as Ex. B the docket sheet for the State Court Action.)

3. Plaintiff brings causes of action against her alleged insurance agent, Victory Agency, Inc. ("Victory"), and two of its employees, Martina Lacayo and Adriana Sanchez, as well as against two insurance companies, Nationwide Insurance Company ("Nationwide") and American Bankers. (Complaint, ¶ VI.)

4. American Bankers has not yet been served; nor have Ms. Lacayo or Ms. Sanchez. Victory was served on August 28, 2019. Although not reflected on the docket, on information and belief, Nationwide was served on or around October 1, 2019. (*See* service of process papers, attached as part of Ex. A.)

5. Each of American Bankers' Co-Defendants, Victory, Ms. Lacayo, Ms. Sanchez and Nationwide, consent to this removal. (*See* consent forms, attached as Ex. C.)

6. American Bankers has attached as Ex. D a list of all counsel of record.

7. The flood insurance policy referenced by Plaintiff in the Complaint is a Standard Flood Insurance Policy, which was issued by American Bankers pursuant to the National Flood Insurance Program. (Complaint, ¶ V.)

8. American Bankers participates in and issues Standard Flood Insurance Policies ("SFIPs") pursuant to the National Flood Insurance Program's ("NFIP") Write-Your-Own ("WYO") Program. The NFIP is a federal program created pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.* (the "NFIA").

9. Though it is not entirely clear which causes of action Plaintiff means to assert against which Defendant(s), Plaintiff asserts claims for alleged breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, "insurance code violation," violations of the Texas Deceptive Trade Practices Act, breach of warranties, negligence, and gross negligence. (Complaint, ¶ VI.)

10. It appears that, at least as to American Bankers, Plaintiff seeks to recover amounts allegedly due and owing under the SFIP at issue. (Complaint, ¶¶ V-VI.)

## II.   EXCLUSIVE FEDERAL JURISDICTION UNDER THE NFIP

11. This Court has original, exclusive subject matter jurisdiction over any claims against American Bankers pursuant to 42 U.S.C. § 4072, which vests the United States District Court for the District in which the insured properties are located with exclusive subject-matter jurisdiction over cases arising out of the NFIP, without regard to the amount in controversy. *See* 42 U.S.C. § 4072.

12. The property at issue in this case is 4003 Glennale Drive, Houston, Texas 77084 (*see* Complaint, ¶ V), which is within the jurisdiction of the United States District Court for the Southern District of Texas. Therefore, this Court is the proper Court for removal of this action pursuant to 42 U.S.C. § 4072.

### III.  FEDERAL QUESTION JURISDICTION UNDER THE NFIP

13. This Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, without regard to the amount in controversy, because Plaintiff's alleged right to relief involves the interpretation of federal statutes and regulations under the NFIP, and necessarily depends upon the resolution of substantial questions of federal law.

14. Specifically, taking Plaintiff's allegations as true, in order to prevail against American Bankers on her contractual claims, Plaintiff will have to demonstrate that American Bankers was required under the SFIP, the NFIA, and/or NFIP regulations promulgated by FEMA to disburse funds pursuant to the subject SFIP for her alleged flood damages.  These claims will, thus, necessarily involve consideration of the conditions and terms of the NFIA (*see* 42 U.S.C. § 4001 *et seq.*), the governing NFIP regulations promulgated by the FEMA (*see* 44 C.F.R. pt. 59-80), and the SFIP, which is itself a codified federal regulation (*see* 44 C.F.R. pt. 61, app. A(1)).

15. Therefore, Plaintiffs' claims against American Bankers necessarily raise questions of federal law.

### IV.  SUPPLEMENTAL JURISDICTION

16. Additionally, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's extra-contractual claims against all Defendants because a District Court may exercise pendent jurisdiction over state law claims where the Court already has jurisdiction over a federal claim, if the federal and state claims derive from a common nucleus of operative facts and the claims are such that they should be tried in one judicial proceeding.  28 U.S.C. § 1367; *See United Mine Workers v. Gibbs*, 3838 U.S. 715 (1966).

17. Here, Plaintiff's claims derive from a common nucleus of operative facts—specifically, as to American Bankers, the extent to which American Bankers was required to disburse funds under the subject SFIP for Plaintiff's alleged flood loss. (Complaint, ¶¶ V-VI.)

18. Accordingly, the Court has supplemental jurisdiction over Plaintiff's extra-contractual state law claims.

V. **REMOVAL PROCEDURE**

19. As noted, American Bankers has not been served and, as such, this Notice of Removal is necessarily timely since the 30-day window for American Bankers to remove this case has not yet begun to expire. 28 U.S.C. § 1446(b).

20. Under 23 U.S.C. § 1446(c), earlier-served defendants may consent to the removal of a later-served defendant, even if the earlier-served defendants did not previously initiate or consent to removal.

21. Under 28 U.S.C. § 1446(b)(2)(B), only defendants that have been properly joined and served must join in or consent to the removal of action.

22. Earlier-served co-Defendants Victory and (on information and belief) Nationwide consent to this removal. (Ex. C.)

23. Further, despite not having been served, co-defendants Lacayo and Sanchez have also consented to this removal. (Ex. C.)

24. This Court is the United States District Court for the District within which the State Court Action is pending and the subject property is located. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

25. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal and attached exhibits, is being filed

with the Clerk of the District Court of Harris County, Texas, 61st Judicial District, and served on Plaintiff. (*See* Notice to the State Court of Filing of Notice of Removal, attached as Ex. E.)

26. In filing this Notice of Removal, American Bankers reserves any and all defenses, objections, and exceptions, including without limitation those relating to jurisdiction, venue, and statutes of limitation.

## VI. LOCAL RULE 81 AND ATTACEHD EXHIBITS

27. Pursuant to Local Rule 81 and 28 U.S.C. § 1441, American Bankers has attached the following to this Notice:

> Ex. A:  Complete record in the State Court Action, as of the date of filing of this Notice of Removal, including Plaintiff's Complaint and executed service of process papers;
>
> Ex. B:  Docket sheet in State Court Action;
>
> Ex. C:  Co-Defendants' consent forms;
>
> Ex. D:  List of counsel of record;
>
> Ex. E:  Notice to State Court of Notice of Removal;
>
> Ex. F:  Index of matters being filed; and
>
> Ex. G:  Civil Cover Sheet.

## VII. CONCLUSION

WHEREFORE, American Bankers, respectfully requests that the United States District Court for the Southern District of Texas accept this notice of removal and that it assume jurisdiction of the above State Court Action, styled as: *Bertha Esmerelda Garcia v. Nationwide Insurance Company, Victory Agency, Inc., Martina Lacayo, Individually as Nationwide Office Manager, and Adriana Sanchez, Individually as National Commercial Account Manager, and Assurant d/b/a American Bankers Insurance Company of Florida*, Case No. 2019-61202, In the 61st Judicial District Court of Harris County, Texas, and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial.

Dated: October 25, 2019

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: /s/ *Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Southern District Bar No. 975212
    Brian A. Srubar
    State Bar No. 24098460
    Southern District Bar No. 3082622
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile:  (713) 337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

*AND*

**STRADLEY, RONON, STEVENS & YOUNG, LLP**
Craig Russell Blackman, Esquire
(To be Admitted Pro Hac Vice)
2005 Market Street, Suite 2600
Philadelphia, PA 19103-7098
Phone: (215) 564-8000
Fax: (215) 564-8120

*Attorneys for Defendant American Bankers Insurance Company of Florida*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on October 25, 2019, on the following counsel of record:

    Anabel King, Esquire
    John Wesley Wauson, Esquire
    WAUSON PROBUS
    One Sugar Creek Blvd., Suite 880
    Sugar Land, Texas 77478
    T: (281) 242-0303
    F: (281) 242-0306
    E: aking@w-plaw.com; jwwauson@w-plaw.com

    *Attorneys for Plaintiff, Bertha Esmerelda Garcia*

Patrick M. Kemp, Esquire
SEGAL MCCAMBRIDGE
100 Congress Avenue, Suite 800
Austin, TX 78701
T: (512) 370-1235
F: (512) 476-7832
E: pkemp@smsm.com

*Attorneys for Co-Defendant, Nationwide Insurance Company*


Cory S. Reed, Esquire
THOMPSON COE
One Riverway, Suite 1400
Houston, Texas 77056
T: (713) 403-8213
E: creed@thompsoncoe.com

*Attorneys for Co-Defendants, Victory Agency, Inc., Martina Lacayo and Adriana Sanchez*



   */s/ Brian A. Srubar*
   Brian A. Srubar