

8/28/2019 5:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36370046
By: Joshua Hall
Filed: 8/28/2019 5:21 PM

CAUSE NO.

| | | |
|---|---|---|
| BERTHA ESMERELDA GARCIA | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONWIDE INSURANCE COMPANY, | § | |
| VICTORY AGENCY, INC., | § | |
| MARTINA LACAYO, *Individually as Nationwide* | § | |
| *Officer Manager*, and | § | |
| ADRIANA SANCHEZ, *Individually as Nationwide* | § | |
| *Commercial Account Manager*, and | § | |
| ASSURANT d/b/a American Bankers Insurance | § | |
| Company of Florida | § | |
| *Defendants.* | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **BERTHA ESMERELDA GARCIA** ("Garcia" or the "Plaintiff") Plaintiff, complaining of **NATIONWIDE INSURANCE COMPANY** ("Nationwide"), **VICTORY AGENCY, INC.** ("Victory"), **MARTINA LACAYO, Individually as Nationwide Office Manager** ("Lacayo"), **ADRIANA SANCHEZ, Individually as Nationwide Commercial Account Manager** ("Sanchez"), and **ASSURANT d/b/a American Bankers Insurance Company of Florida** ("Assurant") (Nationwide, Victory, Sanchez, and Assurant are hereinafter collectively referred to as the "Defendants") Defendants in the above and titled cause and would show onto this Court as follows:

## I.

## CASE LEVEL

The Plaintiff alleges that discovery in this matter is intended to be conducted under a Level 2 cause of action pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## II.

## PARTIES

**Bertha Esmeralda Garcia** is an individual residing in Houston, Harris County, Texas.

Defendant **Nationwide Insurance Company** ("Nationwide") is an Ohio Corporation and may be served through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701 or wherever it may be found.

Defendant **Victory Agency, Inc.** ("Victory") is a Texas Corporation and may be served through its registered agent: Joseph Y. Chen at 8152 S. Gessner, Houston, Texas 77036 or wherever he may be found.

Defendant **Assurant d/b/a American Bankers Insurance Company of Florida** ("Assurant") is an Arizona corporation, not registered to do business in Texas and thus may be served through the Texas Secretary of State.

## III.

## NATURE OF SUIT, JURISDICTION AND VENUE

This is an action against the Defendants for breach of contract, breach of fiduciary duty, Breach of Duty of Good Faith and Fair Dealing/Breach of Fiduciary Duty, Texas Insurance Code violations, DTPA violations, and promissory estoppel.

All or a part of acts giving rise to the Plaintiff's causes of action arose in Harris County, Texas.  The District Courts of Harris County, Texas have jurisdiction of the subject matter and of the parties, and venue is proper in Harris County, Texas.

## IV.

## RULE 47 NOTICE

Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 and a demand for judgment for all the other relief to which the party deems herself entitled. The amount in controversy exceeds the minimum jurisdictional limits of the District Courts of Harris County, Texas.

## V.

## BACKGROUND

Plaintiff engaged the Defendant Victory as insurance agents to obtain a variety of insurance products for a number of years, including but not limited to appropriate and adequate flood insurance to cover any losses/claims to real property and improvements located at 4003 Grennale Drive, Houston, Texas 77084, Harris County (the "Homestead" or the "Property") and its contents, including personal property.

Defendants issued or caused the issuance of Flood Insurance on Plaintiff's Homestead and contents, Policy No. 8705779788 for the period from June 21, 2016 to June 21, 2017. As she had in prior years, Ms. Garcia renewed that policy for the period from June 21, 2017 through June 21, 2018 (the "Policy"). The Policy was to insure the Property and contents from any losses/damages resulting from flooding. Ms. Garcia owned the Property at that time and is thus a beneficiary of the insurance policy.

Hurricane Harvey ultimately stationed itself over Harris County—dumped catastrophic rain throughout the county—just as the forecasters had predicted --- flooding countless homes across Harris County. Plaintiff's homestead was no exception. That flooding caused exterior

*Plaintiff's Original Petition*     3

and interior damage to the Property and basically destroyed all contents as noted in the photographs included herein.





Ms. Garcia notified Defendants of the losses to the Property and its contents and submitted a claim on her flood insurance policy.  After much delay, Defendants subsequently informed Ms. Garcia that no flood insurance had been secured and that her claim was denied.

Ms. Garcia incurred significant out of pocket repair costs, including but not limited to material, labor, and related services to repair her Homestead.  Some repairs and replacements have yet to be completed.

Further, the flooding resulting from Hurricane Harvey caused damage to and loss of personal property in her Homestead, including but not limited to appliances, furniture, electronics, decorative items, clothing, shoes, jewelry, and other sentimental property which was ruined and had to be thrown away.  This personal property should have been insured under her flood policy.

Defendants' conduct and omissions proximately caused Ms. Garcia to sustain damages for which she now sues.  Additionally, Ms. Garcia had to retain counsel to prosecute her claims and seeks recovery of reasonable and necessary attorney's fees, expenses, and costs.

## VI.

## CAUSES OF ACTION

### 1. Breach of Contract

The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

Plaintiff entered into a contract with Defendants Victory, and Nationwide to obtain flood insurance coverage on the Property and contents.  Defendants failed to perform the contract and failed to obtain the coverage.  Plaintiff performed all conditions precedent to the contract, if any. Defendants' breaches of contract were the direct and proximate cause of damages to Plaintiff in

excess of the minimum jurisdictional limits of this Court, all of which Plaintiff now seeks. Pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, *et seq.,* Plaintiff is entitled to recover her reasonable and necessary attorney's fees from the Defendant for the representation of the Plaintiff in this proceeding.

## 2.  Breach of Duty of Good Faith and Fair Dealing/ Breach of Fiduciary Duty

The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

Additionally and alternatively, Defendants Victory, Lacayo, and Sanchez owed a duty of good faith and fair dealing to the Plaintiff by virtue of the special trust relationship that arises between an insurance agent and the insured.  The Defendants as insurance agents established a special trust relationship with the Plaintiff.  They represented to the Plaintiff that they had special knowledge and experience in insurance products and insurance property coverage and that they could and would obtain the appropriate insurance coverage for the Plaintiff to protect her Property and contents from risks and to cover her for losses and the costs of claims.  The Defendants represented to the Plaintiff that they would represent the Plaintiff, individually as opposed to the insurance companies.  Defendants obtained insurance products for the Plaintiff that failed to protect her on the flood damages to her Homestead even though they represented the contrary to Plaintiff to obtain Plaintiff's agreement to purchase the policy from them.  The Defendants breached their special trust relationship with the Plaintiff by misrepresenting their status as independent insurance agents working for the insured, and by leaving the Plaintiff exposed to risks and losses after assuring the Plaintiff that they were watching out for and protecting her from these risks and losses.

The Defendants were in fact and in law the Plaintiff's insurance agent. Agency implies a special relationship that the law recognizes gives rise to certain fiduciary duties owed by Defendants

to Plaintiff.  In addition to this formal, special relationship that the Defendants' agency relationship created, the Defendants created a relationship of trust and confidence with Plaintiff by their actions. The Plaintiff placed trust and confidence in the Defendants to act in the Plaintiff's best interest.  The fiduciary duties that the agency relationship and the relationship of trust and confidence created were many.  The Defendants had an obligation to: (1) act fairly and equitably with respect to its insurance work for the Plaintiff, (2) make reasonable use of the confidence that the Plaintiff placed in the Defendants, (3) act in the utmost good faith and exercise the most scrupulous honesty toward the Plaintiff, (4) place the interests of the Plaintiff before their own and not use the advantage of their position to gain any benefit for themselves at the expense of the Plaintiff, and (5) fully and fairly disclose all important information to the Plaintiff concerning the insurance work.  The Defendants failed to comply with these duties to the Plaintiff, which proximately caused substantial damages to Plaintiff.

The Defendants' breaches of duties and duties of care proximately caused the Plaintiff to suffer injuries and damages, including but not limited to benefits due under the Policy and damages arising from the refusal to indemnify and pay defense costs, from the denial of the Claims, and from the refusal to pay or settle the Claims. The Plaintiff now seeks actual damages, both direct and consequential, that are in excess of this Court's minimum jurisdictional limits.

Further, the Defendants' breaches of duty were committed knowingly and with conscious disregard for the rights and welfare of the Plaintiff. Therefore, the Plaintiff is entitled to recover exemplary damages from the Defendants, for which she now sues.

### 3.  Insurance Code Violations

Additionally, and alternatively, the Defendants' conduct constituted violations of §541.060 of the Texas Insurance Code for their unfair and deceptive acts or practices in the business of insurance.  Specifically, the Defendants engaged in unfair practices, including:

1. Misrepresenting to the Plaintiff a material fact or policy provision relating to coverage and policy at issue.  The Defendants communicated to the Plaintiff that the insurance product at issue in this case was in effect and would provide coverage for claims of the type made by the Plaintiff.   This was a misrepresentation and Defendants has now stated that those claims are not covered by the insurance product at issue and that the flood insurance was not in effect.

The Defendants violated § 541.061 of the Texas Insurance Code by misrepresenting the Policy by:

1. Making an untrue statement of material fact. The Defendants communicated to the Plaintiff that the insurance product at issue in this case was in effect and would provide coverage for claims submitted by Plaintiff.  This was a misrepresentation, and Defendants has now stated that those claims are not covered by the insurance product at issue and that the flood insurance policy was not in effect.

2. Failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made. The Defendants failed to communicate to the Plaintiff that they were working as agent to the insurance companies as opposed to working for the Plaintiff as independent insurance agents.  The Defendants failed to communicate to the Plaintiff that certain exclusions in the insurance product at issue in this case could be used as grounds by Defendants to deny coverage for claims of the type made against the Plaintiff.  This was a material fact that was necessary to make the Defendants' other statements that the policy did provide coverage not misleading.

3. Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact.  The Defendants communicated to the Plaintiff that they were working as Plaintiff's agent as opposed to working for the insurance companies.

The Plaintiff is authorized to bring their claims under Chapter 541 as a private cause of action pursuant to Tex. Ins. Code. § 541.151.

As a direct and proximate result of Defendants' violations, the Plaintiff suffered injuries and damages, including but not limited to damages arising from the insurer's failure to

indemnify the Plaintiffs for their attorney's fees and expenses incurred in defending the Claims and denial of the Claims.  The Plaintiff now seeks actual damages, both direct and consequential, including statutory penalties, which are in excess of this Court's minimum jurisdictional limits.

Further, the Defendants' violations were committed knowingly.  Therefore, the Plaintiff is entitled to recover exemplary damages not to exceed three times the amount of actual damages from the Defendants.

The Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of this claim.  Therefore, the Plaintiff is entitled to recover from the Defendants a reasonable sum for the necessary services of the Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or petition for review to the Supreme Court of Texas.

### 4.   Texas Deceptive Trade Practices Act

Additionally, and alternatively, the Defendants' actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to § 17.46(b)(2), (5), (7), and (23) and § 17.50(a) of the Tex. Bus. & Comm. Code.  Under the provisions of the Texas Insurance Code, a violation of that code constitutes a violation of Tex. Bus. & Comm. Code, § 17.46(b).  Further, the Defendants' engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

1.  Representing to the Plaintiff that they were independent insurance agents who would be agent for the Plaintiff when in fact they were working as agents for the insurance companies.

2.  Representing to the Plaintiff that the Policy conferred or involved rights, remedies or obligations that it did not have or involve. The Defendants communicated to the Plaintiff that the insurance product at issue in this case was in effect and would provide coverage for claims of the type made by Plaintiff.  Defendants has now stated that those claims are not covered by the insurance product at issue and that the flood insurance policy was not in effect.

3.  The Defendants failed to disclose to the Plaintiff that they were working as an agent to the insurance companies as opposed to working for the rights and interests of the Plaintiff.   The Defendants failed to communicate to the Plaintiff that certain exclusions in the insurance product at issue in this case could be used as grounds by Defendants to deny coverage for claims of the type made against the Plaintiff.   These were material facts that were necessary to make the Defendants' other statements that the policy did provide coverage not misleading.

4.  Representing to the Plaintiff that the Policy had or would have characteristics, uses, or benefits that it did not have.

The Plaintiff relied on these false, misleading, or deceptive acts or practices of the Defendants to their detriment. Based upon the Defendants' representations, the Plaintiff purchased the policy at issue in lieu of the purchase of other insurance products.  In addition, the Defendants' acts and practices constitute an unconscionable action or course of action by the Defendants in violation of § 17.50(a)(3) of the Tex. Bus. & Comm. Code. In addition, the Defendants' acts and practices also constitute breaches of warranties made to Plaintiff.

As a direct and proximate result of the acts of the Defendants, the Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this Court, including, without limitation, economic and mental anguish damages.

The Defendants' conduct was done knowingly and/or intentionally. Therefore, the Plaintiff is entitled to recover, in addition to all damages described in the foregoing paragraph, exemplary damages in an amount of at least three times the amount of economic damages.

The Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of this claim.   Therefore, the Plaintiff is entitled to recover from the Defendants a reasonable sum for the necessary services of his attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or petition for review to the Supreme Court of Texas.

### 5.  Breach of Warranties

The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

Additionally and alternatively, Defendants made certain express warranties to Plaintiff, including that Defendants would issue/secured a flood insurance policy, process, investigate and pay claims and all aspects of handling the flood insurance coverage on Plaintiff's homestead and its contents.

Plaintiff has been damaged by Defendants' breach of warranties in at least the amount of actual damages sustained as a result of Defendants' breaches, conduct, and omissions.  Plaintiff's damages include damage to her Homestead and loss of personal property, mental anguish and the actual and intrinsic value of personal property and other damages identified herein for which she now sues.

Pursuant to Tex. Civ. P. & Rem. Code § 38.001, Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees for Defendants' breaches of contract.

### 6.  Negligence

Plaintiff would show that Defendants owed Plaintiff a duty/special duty based upon Defendants' retained control of all procedures with respect to processing, investigating, and paying claims.  Plaintiff did not have control over her claims and was dependent upon Defendants to carefully vet, hire, train and supervise its employees, its agents, its contractors, and to maintain strict procedures with respect to all aspect related to her flood insurance policy including but not limited to processing claims and paying those claims.

Additionally, Defendants owed Plaintiff a duty to use care to control the actions and omissions and or omissions of tortfeasors and potential tortfeasors that Defendants employed, retained, hired, and or contracted.

### 7. Gross Negligence

Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth herein.

Additionally and or alternatively, Defendants owed a duty to Plaintiff, independent of any contractual obligations to Plaintiff, with all aspect of her flood insurance on her Homestead and contents. As described herein, Defendants breached that duty. Defendants' breach of that duty have damaged Plaintiff, as described herein, and, due to the highly automated nature of Defendants' systems and processes, such damage was a foreseeable consequence of Defendants' actions and omissions. Defendants' actions and omissions as described herein also constitute gross negligence because Defendants' conduct involved an extreme degree of risk and a high probability of substantial harm to Plaintiff. Defendants knew, or should have known, that there was an issue with the security and lack of security with respect to the safe deposit boxes and should have corrected the deficiencies. It was objectively foreseeable that Defendants' actions and omissions would severely injure Plaintiff in precisely the manner that has come to fruition in this case, i.e. the loss by Plaintiff of her Homestead, its contents, and irreplaceable items.

Defendants were aware of their risks involved with regard to their actions and omissions and proceeded in the course of conduct described herein with, at best, conscious indifference to the harm it could, and did, cause Plaintiff.

Plaintiff has been damaged by Defendants' actions and omissions and seek to recover her actual damages, including attorneys' fees and costs, as well as exemplary damages related to

Defendants' gross negligence pursuant to TEX. CIV. PRAC. & REM. CODE § 41.003. Plaintiff's damages include mental anguish and the actual and intrinsic value of damaged property for which she now sues.

### 8. Attorney's Fees

The Plaintiff is entitled to and now sue for attorneys' fees in accordance with Texas Insurance Code, §§ 541.152 & 542.060, the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code, § 17.50, and all other statutes providing for same.

### Condition Precedent

All conditions precedent to the rights of the Plaintiff to plead and prosecute their rights and claims have occurred or have been performed.

### Damages

Plaintiff adopts by reference each and every preceding paragraph of this petition.

As a direct and proximate result of Defendants' conduct and omissions as described herein, whether acting by or through their agents or employees, jointly, severally, singularly, and/or together in any combination, Plaintiff has been caused to suffer or experience damages in the past and, in all reasonable probability, are expected to experience damages for a long time into the future.

Plaintiff's damages consist of one or more of the following:

a. Cost of repairs to real property (her Homestead);

b. Cost of replacement or fair market value of personal property lost, damaged, or destroyed during such event;

c. Loss of use of real and personal property;

d. Diminution of market value;

*Plaintiff's Original Petition*                    13

e. Loss of income and business income;

f. Consequential costs incurred, including but not limited to alternative living conditions or accommodations and lost time from work;

g. Mental anguish and/or emotional distress;

h. Pre-judgment interest;

i. Post-judgment interest; and,

j. Court costs.

**Consequential and Special Damages**

The Plaintiff seeks to recover consequential and special damages from Defendants as a result of their actions and conduct and hereby specifically plead for those damages that may constitute consequential damages.  As a result of the Defendants' actions/conduct and or omissions, Ms. Garcia sustained damages and losses to her Homestead which should have been covered by the flood insurance policy.  The Defendants' breaches proximately caused these losses and damages, including the lost value of personal and real property and the repair and replacement expenses and costs and attorneys' fees, necessarily incurred.  In addition, however, the damages may have resulted naturally but not necessarily, from the defendants' wrongful acts. Further, the damages were a reasonably foreseeable result of the Defendants' conduct and actions and are directly traceable to the Defendants' wrongful acts and resulted from those actions and conduct.  The Plaintiff seeks these damages as consequential damages resulting from the Defendants' actions.

**REQUEST FOR DISCLOSURE**

Under Texas Rule of Civil Procedure 194, Defendants are requested to disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) through (1).

## VII.

### JURY DEMAND

The Plaintiff demands a trial by jury on all issues in this case.

## VIII.

### RULE 193.7 NOTICE

Pursuant to Rule 193.7, all documents produced by a Plaintiff in this case may be used by Plaintiff against Defendants in any pre-trial proceeding or at trial.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BERTHA ESMERELDA GARCIA requests that Defendants, NATIONWIDE INSURANCE COMPANY, VICTORY AGENCY, INC, MARTINA LACAYO, ADRIANA SANCHEZ and ASSURANT d/b/a AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA , be cited to appear and answer herein, and that on final trial of this cause, that Plaintiff recover from Defendants, jointly and severally, the following:

1. Actual and damages including proximate, direct and consequential, in excess of the minimum jurisdictional limits of this Court;

2. Disgorgement of all fees paid to the Defendants;

3. Exemplary and/or punitive damages;

4. Statutory penalties as allowed by law;

5. Prejudgment interest at the maximum rate allowable by law;

6. Reasonable and necessary attorneys' fees;

*Plaintiff's Original Petition*                                    15

7.  Costs of suit;

8.  Post-Judgment interest; and

9.  Such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**WAUSON ◆ PROBUS**

By: */s/ Anabel King*
      **Anabel King**
      aking@w-plaw.com
      TBA # 24067659
      **John Wesley Wauson**
      jwwauson@w-plaw.com
      Texas Bar No. 20988200
One Sugar Creek Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)
*ATTORNEYS FOR PLAINTIFF,*
*BERTHA ESMERELDA GARCIA*

*Plaintiff's Original Petition*                    16

8/30/2019 3:28:57 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36443300
By: LAWSON, CHANDRA K
Filed: 8/30/2019 3:28:57 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2019-61202      **CURRENT COURT:** 61st District Court of Harris County

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 08/28/2019      Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Victory Agency, Inc

**Address of Service:** 8152 S. Gessner

**City, State & Zip:** Houston, Texas 77036

**Agent (if applicable)** Joseph Y. Chen

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**   [ ] **Citation by Posting**   [ ] **Citation by Publication**   [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**          **Newspaper** _____
- [ ] **Temporary Restraining Order**   [ ] **Precept**          [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**   [ ] **Capias (not an E-Issuance)**   [ ] **Attachment**
- [ ] **Certiorari**          [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**   [ ] **Hague Convention ($16.00)**   [ ] **Garnishment**
- [ ] **Habeas Corpus**          [ ] **Injunction**          [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____   [x] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney  at:** _____          **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**          *Note:* The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
          Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Anabel King   Bar # or ID 24067659

Mailing Address: One Sugar Creek Center Blvd., Ste. 800, Sugar Land T;

Phone Number: 281-242-0303

8/30/2019 3:28:57 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36443300
By: LAWSON, CHANDRA K
Filed: 8/30/2019 3:28:57 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2019-61202     **CURRENT COURT:** 61st District Court of Harris County

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 08/28/2019     Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Nationwide Insurance Company

Address of Service: 211 E. 7th Street, Suite 620

City, State & Zip: Austin, Texas 78701

Agent (if applicable) Corporation Service Company dba CSC-Lawyers Incorporating Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | **Newspaper** | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** | | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** (*check one*):
☐ **ATTORNEY PICK-UP (phone)** _____
☐ **MAIL to attorney** at: _____
☐ **CONSTABLE**
☐ **CERTIFIED MAIL by District Clerk**

☑ **E-Issuance by District Clerk**
**(No Service Copy Fees Charged)**
*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Anabel King    Bar # or ID 24067659

Mailing Address: One Sugar Creek Center Blvd., Ste. 800, Sugar Land T

Phone Number: 281-242-0303

8/30/2019 3:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36443300
By: Chandra Lawson
Filed: 8/30/2019 3:28 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2019-61202    **CURRENT COURT:** 61st District Court of Harris County

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 08/28/2019    Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Assurant d/b/a American Bankers Insurance Company of Florida

Address of Service: C/o Tx Secretary of State, 1019 Brazos St.

City, State & Zip: Austin Tx 78701

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

[✓] Citation [ ] Citation by Posting [ ] Citation by Publication Newspaper [ ] Citations Rule 106 Service
[ ] Citation Scire Facias
[ ] Temporary Restraining Order [ ] Precept [ ] Notice
[ ] Protective Order
[ ] Secretary of State Citation ($12.00) [ ] Capias (not an E-Issuance) [ ] Attachment
[ ] Certiorari [ ] Highway Commission ($12.00)
[ ] Commissioner of Insurance ($12.00) [ ] Hague Convention ($16.00) [ ] Garnishment
[ ] Habeas Corpus [ ] Injunction [ ] Sequestration
[ ] Subpoena
[ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
[ ] ATTORNEY PICK-UP (phone) _____ [✓] E-Issuance by District Clerk
[ ] MAIL to attorney at: _____ (No Service Copy Fees Charged)
[ ] CONSTABLE   *Note*: The email registered with EfileTexas.gov must be
[ ] CERTIFIED MAIL by District Clerk   used to retrieve the E-Issuance Service Documents.
  Visit www.hcdistrictclerk.com for more instructions.

[ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____

[ ] OTHER, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Anabel King   Bar # or ID 24067659

Mailing Address: One Sugar Creek Center Blvd., Ste. 800, Sugar Land T)

Phone Number: 281-242-0303

9/6/2019 2:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36597549
By: Chandra Lawson
Filed: 9/6/2019 2:35 PM

# Wauson ♦ Probus

A Professional Corporation
ATTORNEYS AT LAW

**JOHN WESLEY WAUSON**
jwwauson@w-plaw.com
BOARD CERTIFIED, Civil Trial Law
Texas Board of Legal Specialization

COMERICA BANK BUILDING
ONE SUGAR CREEK CENTER BLVD., SUITE 880
SUGAR LAND, TEXAS 77478
(281) 242-0303 - Telephone
(281) 242-0306 - Telecopier

**MATTHEW B. PROBUS**
mbprobus@w-plaw.com
Also licensed in the Commonwealth
of Massachusetts

September 6, 2019

Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210-4651

Re:     Cause No. 2019-61202; *Bertha Esmerelda Garcia v. Nationwide Insurance Company, et. al.*; In the 61st Judicial District Court of Harris County, Texas

To whom this may concern:

This letter authorizes you to charge our credit card on file in the amount of $4.00 to cover the Texas Secretary of State's citation fee for Defendant, Assurant d/b/a American Bankers Insurance Company of Florida.

Sincerely,

Oralia Martinez
*Legal Assistant to Anabel King*

09.414i52

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 201961202

RECEIPT NO: 832563
EML  TRACKING NO: 73667115

| | |
|---|---|
| Plaintiff:<br>GARCIA, BERTHA ESMERELDA<br>vs.<br>Defendant:<br>NATIONWIDE INSURANCE COMPANY | In The 061st<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    VICTORY AGENCY INC (TEXAS CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED**
**AGENT JOSEPH CHEN**
**8152 S GESSNER**
**OR WHEREVER HE MAY BE FOUND, HOUSTON TX 77036**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on August 28, 2019 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on September 9, 2019, under my hand and seal of said court.

Issued at the request of:

King, Anabel
1 SUGAR CREEK CENTER BLVD., SUITE
SUGAR LAND, TX  77478-7747
281-242-0303
Bar Number: 24067659

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: WANDA CHAMBERS

Tracking Number: 73667115

## CAUSE NUMBER: 201961202

| | |
|---|---|
| **PLAINTIFF: GARCIA, BERTHA ESMERELDA** | **In the 061st** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: NATIONWIDE INSURANCE COMPANY** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____

in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20.

Fees $_____

_____ By_____
            Affiant                                                          Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

CAUSE NUMBER: 2019-61202

BERTHA ESMERELDA GARCIA
PLAINTIFF

VS.                                                       IN THE 61ST JUDICIAL DISTRICT
                                                          COURT OF HARRIS COUNTY TEXAS

NATIONWIDE INSURANCE COMPANY,
ET AL
DEFENDANT

AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **JASMINE DESIREE NORRIS**, personally appeared before me and stated under oath as follows:

My name is **JASMINE DESIREE NORRIS**, I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST, STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Monday September 23, 2019 AT 03:08 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION**, came to hand for service upon **VICTORY AGENCY INC (TEXAS CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT, JOSEPH CHEN**.

On **Thursday September 26, 2019 at 10:22 AM**, The above named documents were hand delivered to: **VICTORY AGENCY INC (TEXAS CORPORATION) BY DELIVERING TO ITS REGISTERED AGENT, JOSEPH CHEN @ 10101 SOUTHWEST FWY, SUITE 588, HOUSTON, TX 77074 U.S.A, in Person**.

**FURTHER AFFIANT SAYETH NOT.**

**JASMINE DESIREE NORRIS**
**PSC#16740 EXP 07/31/21**

**SWORN TO AND SUBSCRIBED** before me by **JASMINE DESIREE NORRIS** appeared on this 30 day of SEPTEMBER, 2019 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**
2019.09.414132

CLAUDIA LEWIS
Notary Public, State of Texas
Comm. Expires 11-11-2022
Notary ID 125713496

10/15/2019 11:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37684788
By: Brenda Espinoza
Filed: 10/15/2019 11:36 PM



**ERIN E. ECKERT, ATTORNEY AT LAW**
P.O. Box 631494, Houston, Texas 77263
Phone: (832) 659-9315 • Email: erin@eeckertlaw.com

October 8, 2019

*Via Email: aking@w-plaw.com*

Anabel King
Wauson Probus
One Sugar Creek Blvd., Suite 880
Sugar Land, Texas 77478

Re:    Cause No. 2019-61202; *Bertha Esmeralda Garcia vs. Nationwide Insurance Company, et al.*; In the 61st Judicial District Court of Harris County, Texas

### RULE 11 AGREEMENT

Dear Ms. King:

Per our telephone conversation last week, this confirms you and Plaintiff, Bertha Esmeralda Garcia, have agreed to extend the deadline for Defendant, Victory Agency, Inc., to file an Answer or otherwise make an appearance in the above-referenced lawsuit to on or before midnight on November 4, 2019.

If this is an accurate reflection of the Parties' agreement, please sign below indicating same and return to me.

Your professional courtesy is appreciated.

Sincerely,

*/s/ Erin E. Eckert*

Erin E. Eckert
Attorney at Law

Agreed:

_____
Anabel King, Attorney for Plaintiff Bertha
Esmeralda Garcia

10/18/2019 3:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37788354
By: Quandella Andrews
Filed: 10/18/2019 3:53 PM

CAUSE NO. 2019-61202

| | | |
|---|---|---|
| BERTHA ESMERELDA GARCIA | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONWIDE INSURANCE COMPANY, | § | |
| VICTORY AGENCY, INC., | § | |
| MARTINA LACAYO, | § | |
| ADRIANA SANCHEZ, and | § | |
| ASSURANT D/B/A AMERICAN BANKERS | § | |
| INSURANCE COMPANY OF FLORIDA | § | |
| *Defendants.* | § | 61ST JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Nationwide Insurance Company ("Nationwide" or "Defendant") files this Original Answer to Plaintiff's Original Petition, respectfully showing the Court as follows:

## I.
## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of each and every material allegation contained in Plaintiff's Original Petition and any supplements or amendments thereto, and demands strict proof thereof.

## II.
## SPECIFIC DENIALS AND DEFENSES

2.      Nationwide denies that it entered into a contract with Plaintiff to obtain flood coverage.

3.      Nationwide denies that it owes any duty to Plaintiff to procure flood coverage or to investigate or pay Plaintiff's flood claim.

4.      Nationwide denies that all conditions precedent to bringing suit have been met.  Plaintiff provided no prior notice to Nationwide of property damage resulting from a storm in 2017.

5.      Nationwide submits that Plaintiff also failed to comply with notice requirements of Tex. Ins. Code § 542A.003, precluding or limiting any right Plaintiff may have to recover attorney's

fees. Specifically, Tex. Ins. Code § 542A.003 requires that Plaintiff provide written notice to Defendant not later than the 61st day before the date Plaintiff file an action to which Chapter 542A applies that must include:

(1)     a statement of the acts or omissions giving rise to the claim;

(2)     the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3)     the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

Plaintiff provided no written notice prior to filing this action. Accordingly, pursuant to Tex. Ins. Code § 542A.007(d), the Court may not award Plaintiff any attorney's fees incurred after the date Defendant files this pleading.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff take nothing from Defendant and that Defendant recovers its costs, fees, and expenses, and for such other further relief to which it may be entitled.

*(Signature on following page)*

2

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT
NATIONWIDE INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via efile this the 18th day of October, 2019 to:

Anabel King
John Wesley Wauson
Wauson & Probus
One Sugar Creek Blvd., Suite 880
Sugar Land, Texas 77478
aking@w-plaw.com
jwwauson@w-plaw.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp