United States District Court
Southern District of Texas
**ENTERED**
July 22, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERTHA ESMERELDA GARCIA, | § § § § § | CIVIL ACTION NO. 4:19-cv-04209 |
| Plaintiff, | § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| NATIONWIDE INSURANCE COMPANY, *et al*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER GRANTING MOTION TO REMAND

The motion by Plaintiff Bertha Esmeralda Garcia to remand is granted. Dkt 23.

The dispute here is a familiar one in the Southern District of Texas. Garcia asserts that her home was damaged due to flooding caused by Hurricane Harvey. She submitted a claim on her flood insurance policy. She was informed after much delay that she did not have flood insurance and denied her claim. Dkt 1-1 at 5–6.

Garcia filed suit in August 2019 in Texas state court against her insurance agent, Victory Agency Inc, and two of its employees. She also sued her flood insurance carrier, American Bankers Insurance Company of Florida. And she sued her homeowner's carrier, Nationwide Insurance Company. She asserted causes of action for breach of contract, breach of the duty of good faith and fair dealing and fiduciary duty, insurance code violations, violations of the Texas Deceptive Trade Practices Act, breach of warranties, negligence, and gross negligence. These all are state law causes of action. See generally Dkt 1-1.

American Bankers removed to federal court based on federal question jurisdiction in October 2019. Dkt 1. It then filed a motion for summary judgment one month later. Dkt 7. Garcia filed a stipulation of dismissal as to American Bankers rather than respond. Dkt 12.

This Court held a hearing on February 4, 2020. The motion for summary judgment by American Bankers was granted, and the claims against it were dismissed with prejudice. The Court also addressed its subject-matter jurisdiction, directing Garcia to file a motion to remand. She did so. Dkt 23. Nationwide responded. Dkt 25.

Neither party disputes that the Court had federal question jurisdiction to consider the claims against American Bankers at the time of removal. The flood insurance policy at issue is a Standard Flood Insurance Policy, which was issued by American Bankers pursuant to the National Flood Insurance Program. Dkt 1 at 2. The NFIP is a federal program created pursuant to the National Flood Insurance Act, 42 USC § 4001 *et seq*. The Fifth Circuit has long held that "an action for breach of an SFIP, a policy issued pursuant to the NFIP, satisfies § 1331 by raising a substantial question of federal law." *Borden v Allstate Insurance Co*, 589 F3d 168, 172 (5th Cir 2009).

Neither do the parties dispute that supplemental jurisdiction over the state law claims against the remaining defendants also existed at the time of removal. See 28 USC § 1367(a). But with American Bankers now dismissed from this action, the principal question is whether this Court should retain supplemental jurisdiction over the remaining state law claims.

The statutory factors set forth in 28 USC § 1367(c) control the consideration of whether to exercise supplemental jurisdiction. *Brookshire Brothers Holding, Inc v Dayco Products, Inc*, 554 F3d 595, 602 (5th Cir 2009). These authorize a court to decline the exercise of supplemental jurisdiction over state law claims if:

- o The claim raises a novel or complex issue of state law;

- The claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
- The district court has dismissed all claims over which it has original jurisdiction; or
- In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 USC § 1367(c). The court is also directed to consider common law factors of convenience, fairness, and comity. *Brookshire Brothers Holding*, 554 F3d at 602. But even with all of this in mind, the Fifth Circuit holds, "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." Ibid.

Nationwide asserts the Court should retain supplemental jurisdiction because "Plaintiff submitted the stipulation to dismiss American Bankers, then failed to oppose its motion for summary judgment in an effort to manipulate the venue." Dkt 25 at 4. Nationwide offers no evidence to support such a motive. And it was this Court that directed Garcia to file a motion to remand.

Only state law claims remain. Nothing suggests any other federal interest in this action. And this Court has no long history or investment of time and resources in this matter. Remand is appropriate. Convenience, fairness, and comity all point towards trusting the state court to handle this action ably and well.

The motion to remand is GRANTED.

This case is REMANDED to the 61st Judicial District Court of Harris County, Texas.

The Clerk is ORDERED to provide a copy of this Order to the District Clerk of the Harris County District Court.

SO ORDERED.

Signed on July 22, 2020, at Houston, Texas.

*[Signature: Chas R Eskridge III]*

Hon. Charles Eskridge
United States District Judge